**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: E. MARK MOON,<br><br>    Debtor,<br>------------------------------<br>MILESTONE FINANCIAL, LLC,<br><br>    Appellant,<br><br> v.<br><br>E. MARK MOON; LORI H. MOON,<br><br>    Appellees. | No. 23-60006<br><br>BAP No. 22-1117<br><br>MEMORANDUM* |
| In re: E. MARK MOON,<br><br>    Debtor.<br>_____<br>E. MARK MOON; LORI H. MOON,<br><br>    Appellants,<br><br> v.<br><br>MILESTONE FINANCIAL, LLC, | No. 23-60011<br><br>BAP No. 22-1117 |

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Gan, and Brand, Bankruptcy Judges, Presiding

Argued and Submitted March 25, 2024
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

Milestone Financial, LLC ("Milestone Financial") appeals from the U.S. Bankruptcy Appellate Panel's ("BAP") decision holding that Milestone Financial's settlement agreement with E. Mark Moon and Lori H. Moon ("the Moons") violated California's usury laws. The Moons also cross-appeal from the BAP's decision to grant Milestone Financial post-maturity interest.

We review conclusions of law de novo. *In re Tech. Knockout Graphics, Inc.*, 833 F.2d 797, 801 (9th Cir. 1987). We affirm.

1.  We agree with the BAP that Milestone Financial's forbearance agreement with the Moons was usurious. The Moons obtained the initial loan from Milestone Financial at an 11.3% interest rate. The Moons later defaulted on the loan. After defaulting on the loan, the parties entered into an agreement to extend the term of the loan by two years and reduce the interest rate to 11.05% (the "Settlement Agreement"). No real estate broker was used to negotiate the Settlement Agreement.

The California Constitution states that "[n]o person, association,

copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than the interest authorized by this section upon any loan or forbearance of any money, goods or things in action." Cal. Const. art. XV, § 1. "The essential elements of usury are: (1) The transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction." *Ghirardo v. Antonioli*, 883 P.2d 960, 965 (Cal. 1994) (simplified).

Milestone Financial argues that the Settlement Agreement was not subject to the usury laws because it lowered the rate of interest from the initial loan, which was exempt under California Civil Code section 1916.1. As the BAP thoroughly explained, Milestone Financial's arguments contradict the plain terms of Article XV of the California Constitution and California Civil Code section 1916.1. *See Del Mar v. Caspe*, 272 Cal. Rptr. 446, 453 (Ct. App. 1990) ("It is a settled rule of statutory construction that unless otherwise clearly intended or indicated, statutes should be construed in accordance with the common or ordinary meaning of the language used, particularly when the law as so construed is consistent with the general policy of the state.").

Even though the Settlement Agreement lowered the original loan's interest rate from 11.30% to 11.05%, it is still a "contract of interest" for usury purposes.

3

And while section 1916.1 exempts from California's usury laws "any loan or forbearance" made or arranged by a licensed real estate broker, no broker was involved with the Settlement Agreement. Although a broker was used during the initial agreement with the Moons, the text of section 1916.1 does not extend the exemption to later forbearance agreements.

Milestone Financial asks this court to extend the usury exemption in *Ghirardo* and *DCM Partners* to the facts here. But these cases concern credit sales of property, which are not loans or forbearances explicitly subject to usury laws. *See Ghirardo*, 883 P.2d at 969 (holding that a modification of a credit sale, a nonusurious transaction, is not subject to usury); *DCM Partners v. Smith*, 278 Cal. Rptr. 778, 783 (Ct. App. 1991) (holding that modification of a credit sale originally exempt from usury was also exempt because the modified note retained its character as a "purchase money instrument").

Finally, we decline to narrow California's usury laws based on Milestone Financial's policy arguments. Under the plain text of the California Constitution and section 1916.1, the Settlement Agreement is a forbearance subject to the usury laws.

2. We agree with the BAP that Milestone Financial is entitled to post-maturity interest. Even when an agreement includes an unenforceable usurious interest provision, the lender is entitled to recover the principal amount of the debt

upon maturity and interest at California's legal rate if the principal amount is not repaid when it is due. *See Epstein v. Frank*, 177 Cal. Rptr. 831, 837 (Ct. App. 1981) (holding that a usurious interest provision effectively results in "a note payable at maturity without interest" that accrues "interest at the legal rate from the date the note matures until the date of judgment").

The Moons argue that under California Civil Code section 1504, a creditor has no right to collect interest after the debtor has offered to pay the debt. However, the Moons' request for a payoff amount was not a valid tender. *See Crossroads Invs., L.P. v. Fed. Nat'l Mortg. Ass'n*, 222 Cal. Rptr. 3d 1, 29 (Ct. App. 2017) (holding that statement to lender that borrower "was ready, willing and able to cure the default and/or pay off the loan, upon being provided with the amount required" was insufficient).

The Moons also argue that their breach of contract claim against Milestone Financial negates its right to any post-maturity interest. But they point to no authority to show that the breach of contract claim negates Milestone Financial's right to prejudgment interest on maturity of the loan. And this is especially relevant here, where the breach, the illegal acceleration, is independent of the Moons' obligation to pay post-maturity interest. *See Verdier v. Verdier*, 284 P.2d 94, 100 (Cal. Ct. App. 1955) ("If the covenants are independent, breach of one does not excuse performance of the other.").

5

**AFFIRMED.**