# 23-60006 and 23-60011 (consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

----------------------------------

In re: MARK E. MOON,

*Debtor*

----------------------------------

MILESTONE FINANCIAL, LLC,

*Appellant*

v.

E. MARK MOON and LORI H. MOON,

*Appellees*

----------------------------------

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Bankruptcy Appellate Panel Docket No. 22-1117
Bankruptcy Case No. 20-30711-DM
Adversary Case No. 20-03117-DM

----------------------------------

# APPELLEES' MOTION FOR ATTORNEYS' FEES

----------------------------------

JOHN P. McDONNELL (State Bar No. 77369)
295 89th Street, Ste. 200
Daly City, CA 94015
Telephone: 650-991-9909
Email: JPMcDON@aol.com

Attorney for Mark and Lori Moon

# TABLE OF CONTENTS

POINTS AND AUTHORITIES ...................................................................1

CALCULATION OF THE FEE REQUEST ..................................................... 4

   A. The amount of time expended on each part of the appeal was reasonable. ........................................................................................5

      1. The time defending the Milestone appeal.............................................5

         a. Addressing Milestone's restatements of its *Ghirardo* argument..... 6

         b. Locating and presenting the law in *Westman v. Dye.* ..................... 6

         c. Dealing with the two new arguments raised by Milestone. ..............7

         d. The Moons' attorney tried to convince Milestone's attorney to drop the appeal to the Ninth Circuit. ........................................................7

      2. Work on the Cross-Appeal................................................................. 8

CONCLUSION .......................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 ..................... 2

*Douglas E. Barnhart, Inc. v. CMC Fabricators*, Inc. (2012)
   211 Cal.App.4th 230 ............................................................................3

*Epstein v. Frank (1981)* 125 Cal.App.3d 111 ................................................ 9

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012)
   206 Cal.App.4th 515.............................................................................. 2

*Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994) .....................................5, 6

*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145................... 2

*PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084 .............................................. 4

*Puppo v. Larosa* (1924) 194 Cal. 717 .........................................................3

*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822 ........ 2

*Westman v. Dye (1931)* 214 Cal. 28 ..........................................................7

**Statutes**

Cal. Civil Code §1504 ................................................................................ 9

Cal. Civil Code §1717 .............................................................................. 1, 3

**Constitutional Provisions**

Article XV of the California Constitution ......................................................5

Pursuant to Circuit Rule 39-1, Appellees Mark and Lori Moon hereby move for an award of attorneys fees pursuant to Cal. Civil Code §1717.

**POINTS AND AUTHORITIES**

Cal. Civil Code §1717 provides that whenever a written contract provides that one of the parties is entitled to collect attorneys' fees if that party prevails in an action, then the provision is made reciprocal as a matter of law, and whichever party prevails in the action is entitled to an award of attorneys' fees. The loan agreement between the Moons and Milestone Financial LLC contained such an attorneys' fee provision.

In its Judgment entered May 25, 2022, the Bankruptcy Court ruled that the Moons were the prevailing party in the action. (Judgment at Milestone's Excerpt of Record, 035). This Court has affirmed that judgment in all respects. The Bankruptcy Court confirmed that the Moons were the prevailing party in its Judgment Awarding Attorneys' Fees entered July 13, 2022. Milestone did not appeal that Judgment, so it is not in the record. It is Docket Entry #127 in the Bankruptcy Court records of Adversary Proceeding No. 20-03117.

California law provides that there can be only one prevailing party in an action on a contract.

> [I]n any given lawsuit there can only be one prevailing party on a single contract for the purposes of an entitlement to attorney fees.

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531.

> Under § 1717, there may only be one prevailing party entitled to attorney fees on a given contract in a given lawsuit.

*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 823.

California further provides that the prevailing party on the contract is entitled to recover all its fees incurred in the action, *including* fees on interim proceedings in which the party did not prevail.

> [T]he general rule remains that the prevailing party is entitled to all reasonable fees, without offset for interim victories by the other party. (*Presley of Southern California v. Whelan, supra*, at p. 963; see *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1148, 1150 [plaintiff who prevailed on contract action was entitled to her reasonable fees under § 1717, including fees expended on multiparty appeal, even though appeal resulted in reversal of a punitive damages award].
> *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977.

> The defendant was thus the prevailing party on the contract and, under prior appellate decisions, was "entitled to all of its fees, including fees incurred during the lawsuit in proceedings where it did not prevail."
> *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977,

quoting and following Frog Creek Partners, supra, accord, *Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 840

As pointed out by the Supreme Court, the prevailing party in the case of *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, was

entitled to recover all of her fees under §1717, even though an interim appeal had reduced the amount of her punitive damages. The *Mustachio* case was also followed in *Frog Creek Partners, LLC*, supra, at 546.

Thus, the Moons, as the prevailing party in the action, are entitled to recover all of their fees on both the appeal by Milestone *and* the cross-appeal by the Moons.

A final case should be mentioned. In the Bankruptcy Court, the Moons argued that the award of "post maturity" interest was not an "action on the contract" under Cal. Civil Code §1717, citing, citing *Puppo v. Larosa* (1924) 194 Cal. 717,720, (holding that the award of post-maturity interest is in the nature of damages for the retention of the debt, "and is not recoverable by virtue of any provision of the contract"). Milestone argued that it was entitled to its attorneys' fees for defending the Cross-Appeal at the Bankruptcy Appellate Panel ("BAP")

In a March 23, 2024 Order relating to the competing claims for attorneys' fees for the work on the interim appeal to the BAP, the Bankruptcy Court stated that the *Puppo v. Larosa* case was not applicable in the context of Civil Code §1717. The Court cited more recent cases, including *Douglas E. Barnhart, Inc. v. CMC Fabricators*, Inc. (2012) 211 Cal.App.4th 230, and determined that the issue of post-maturity interest

was included as an "action on the contract."

## CALCULATION OF THE FEE REQUEST

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate . . . The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000)

In the present case, the Bankruptcy Court already determined, in its Judgment Awarding Attorneys' Fees, that the $425 per hour rate charged by attorney John McDonnell was the reasonable hourly rate.

As shown in the supporting declaration of attorney McDonnell, the amount of hours expended on the Milestone appeal of the usury judgment was 63.8, and the amount of hours expended on the cross-appeal on the "post-maturity" interest was 76.9. The McDonnell declaration contains the detailed time records of all the time spent on each part of the appeal.

As explained by Mr. McDonnell, when Milestone filed its appeal on the usury issue, the BAP assigned it case number 22-1103, and when the Moons filed the cross-appeal on the "post-maturity" interest, the BAP assigned it case number 22-1117. For internal accounting purposes, and to present clear time records for the client, McDonnell set up two separate

matter numbers, Moon 1103 and Moon 1117. When Milestone appealed the BAP decision to this Court, McDonnell kept these same matter numbers to track the Milestone appeal time and the Moon cross-appeal time.

**A. The amount of time expended on each part of the appeal was reasonable**.

**1. The time defending the Milestone appeal**.

As outlined in the Declaration of John McDonnell, the major work on this appeal involved responding to Milestone's repeated arguments that *Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994) made all extensions of loans exempt from the usury law. But the work on the Milestone appeal also involved three new areas not previously involved in either the trial court or the BAP.

First, the work on the Milestone appeal involved *new* research demonstrating conclusively that under California law, an extension of a loan can be usurious even if the initial loan was non-usurious. Second, Milestone raised two new *incorrect* claims: (1) that Article XV of the California Constitution required that a contract be in writing to be subject to the usury law, and (2) that Article XV already provided an exception to loans and forbearances arranged by a real estate broker.

///

///

**a. Addressing Milestone's restatements of its *Ghirardo* argument**.

In both the trial court and the BAP, Milestone had primarily argued variations on its argument that the extension of the loan agreement was outside the scope of the California usury law due to language in *Ghirardo v. Antonioli,* 8 Cal. 4th 791, 804 (1994). Both the trial court and the BAP rejected this issue, holding that the *Ghirardo* case was limited to "credit sale" transactions, and had no application to a loan or forbearance of money. Milestone continued to argue this issue in this Court. It rearranged some of its arguments and misstated the facts and law in *Ghirardo* (for example, continually referring to the transactions in *Ghirardo* as "loans" instead of sales). Once a party misstates the law and the facts, it takes considerable effort to present the full scope of the actual law, in order to provide a correct picture of the law. The *Ghirardo* argument was Milestone's major attempt to win the case, and Milestone changed its arguments somewhat from the arguments made in the lower courts. So it was necessary for Plaintiffs' counsel to rewrite, tighten and change the prior BAP brief to more accurately disprove the claims in Milestone's Opening Brief.

///

///

**b. Locating and presenting the law in *Westman v. Dye*.**

Most significantly, Plaintiffs' counsel conducted further research that located California cases that held, contrary to Milestone's main argument, that the law in California has always provided that an extension of a loan can be usurious even if the original loan was non-usurious. See pp. 14-16 of the Second Brief, and the discussion of *Westman v. Dye (1931)* 214 Cal. 28.

**c. Dealing with the two new arguments raised by Milestone.**

Having failed twice with its *Ghirardo* argument, Milestone *added two new* misstatements of the law to its brief in this court. In the trial court and the BAP, Milestone barely mentioned Article XV of the California Constitution. But in its appeal to this Court, it argued that: (1) Article XV requires that a contract must be in writing to be subject to the usury laws (Milestone Opening Brief, Docket #21, pp. 15-18) and (2) Article XV actually created an exception to the usury law for any loan *or forbearance* arranged by a real estate broker (p. 26 of the Opening Brief).

As shown at length in the Second Brief, both of these claims were supported by Milestone misstating *and falsely editing* the statute. See the discussion of these two items at pp. 33-37 or the Second Brief.

**d. The Moons' attorney tried to convince Milestone's attorney to drop the appeal to the Ninth Circuit.**

As soon as Milestone's attorney, Mr. Bernard Kornberg, filed the

appeal to the Ninth Circuit, Mr. McDonnell wrote to him and suggested that the BAP decision had devastated his *Ghirardo* arguments, and Milestone should not waste money on a further appeal that will not only cost them money, but will also result in them paying more of the Moons' attorneys' fees. The full text of the February 3, 2023 e-mail to Mr. Kornberg is attached as Exhibit A to the McDonnell declaration in support of this motion. That e-mail reads, in part,

> [Y]ou might consider saving yourself a lot of trouble and folding your cards now. The BAP decision made it clear, in meticulous detail, that you are wrong and Ghirardo can not be extended to repeal California law….
>
> Thus, there is a large body of case law suggesting that DCM and Ghirardo reached the wrong result. There is no law to support the argument that Ghirardo should be extended to repeal the usury law with respect to all forbearances. As the BAP said, there is nothing in any of your arguments that will convince a court to rewrite California law. …
>
> So, Milestone will lose once again and will be paying more of my attorneys fees….

**2. Work on the Cross-Appeal**.

In both the trial court and the BAP, the Moons had primarily argued that Milestone should not be allowed "post-maturity" interest from the July 31, 2016 due date of the loan, because the Moons had previously attempted to pay the loan in full in April 2019, and this payoff was prevented by Milestone demanding illegal usurious interest and an illegal

10%. The Moons' arguments were primarily variations on a claim of estoppel. The Bankruptcy Court stated that it found these arguments interesting, but they did not provide a sufficient basis for departing from the settled California law in *Epstein v. Frank (1981)* 125 Cal.App.3d 111.

The BAP was also unpersuaded by the Moons' arguments, but the BAP decision seemed to be based in large part on its view that the contract may not have included a requirement for Milestone to provide a payoff demand. This issue had not been briefed to the BAP.

So a large part of the Second Brief on the cross-appeal argued that Milestone was required, both by the terms of its loan agreement, and by California law, to provide a legal payoff demand. See the discussion at pp. 52-55 of the Second Brief. It is noteworthy that Milestone did not dispute these arguments (instead, it argued, incorrectly, that the Moons had abandoned their breach of contract claims, Third Brief at pp. 21-23).

Moons' counsel also recognized that the "estoppel" claims had been too general or vague for the trial court and the BAP. Therefore, counsel conducted further research and focused on Cal. Civil Code §1504, the *statutory* basis for cutting off Milestone's right to interest. See pages 47-52 of the Second Brief. Thus, the work for this appeal involved mainly new work that had not been done in the Bankruptcy Court or the BAP.

Ultimately, this Court rejected the Moons' argument, holding that their attempt to pay the loan in April 2019 was not a valid tender. Memorandum Decision at p. 5.

## CONCLUSION

For the foregoing reasons, and based upon the evidence in the McDonnell declaration, the Moons suggest that all the time on the Milestone appeal and the Cross-Appeal was reasonably expended, and the court should award the full amounts requested by the Moons, $27,115.00 on the Milestone appeal and $32,682.50 on the Cross-Appeal. As further set forth in the McDonnell Declaration, McDonnell has spent 12.5 hours collecting the facts, preparing this memo and preparing his declaration. The Court should award $5,312,50 for this work.

Date: May 13, 2024  /s/ John McDonnell
John P. McDonnell, Esq.
Attorney for Appellees