# 23-60006 and 23-60011 (consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

----------------------------------

In re: MARK E. MOON,

*Debtor*

----------------------------------

MILESTONE FINANCIAL, LLC,

*Appellant*

v.

E. MARK MOON and LORI H. MOON,

*Appellees*

----------------------------------

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Bankruptcy Appellate Panel Docket No. 22-1117
Bankruptcy Case No. 20-30711-DM
Adversary Case No. 20-03117-DM

----------------------------------

# REPLY IN SUPPORT OF APPELLEES' MOTION
# FOR ATTORNEYS' FEES
----------------------------------

JOHN P. McDONNELL (State Bar No. 77369)
295 89th Street, Ste. 200
Daly City, CA 94015
Telephone: 650-991-9909
Email: JPMcDON@aol.com

Attorney for Mark and Lori Moon

# TABLE OF CONTENTS

**LEGAL DISCUSSION** .................................................................................. 2

    **1. California Civil Code §1717 provides that there can be only one prevailing party in an action on the contract.** ....................... 2

    **2. Under Cal. Civil Code §1717, there is no separate prevailing party on an appeal; the *Corder* and *Harman* cases do not apply.** .................................................................................................................. 2

    **3. The Moons are the prevailing party** ............................................... 5

        a. The Moons Recovery ................................................................. 5

        b. The Milestone recovery. ............................................................ 7

    **4. The Moons are entitled to recover all their fees on appeal.** ... 8

    **5. Milestone misstates the law in the *Mustachio* case.** ................ 9

# TABLE OF AUTHORITIES

**Cases**

*Corder v. Gates* 104 F.3d 247 (9th Cir. 1996) .............................................. 2

*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 ..................... 9

*Epstein v. Frank* (1981) 125 Cal.App.3d 111 ................................................7

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515.......................................................................................................... 2, 8

*Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407 .. 2

*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145 ................... 9

*Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, ........................ 4

*Soleimany v. Narimanzadeh* (2022) 78 Cal.App.5th 915 ............................. 8

*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802 .................3

**Statutes**

42 U.S.C. §1983 ...................................................................................3
42 U.S.C. §1988 ...................................................................................3
Cal. Civil Code §1717................................................................ 1, 3,9, passim

On May 13, 2024, the Appellees, the Moons, made a motion for an award of attorneys' fees on this appeal to the Ninth Circuit (Docket #64). On May 14, 2024, Appellant Milestone LLC filed a *combined* document that included; (1) a motion to transfer the fee motions to the Bankruptcy Court, (2), an Opposition the Moons fee motion, and (3) and a motion for a fee award to Milestone. Document #66. The motion to transfer is discussed in a separate submission. This Reply deals with the attorneys' fee issues.

Milestone's primary argument, in both its Opposition and its own Motion for Fees, is that there is no prevailing party because both the Milestone Appeal and the Moon Cross-Appeal were unsuccessful. Milestone also argues it should be viewed as the "prevailing party" on the Cross-Appeal and receive an award of fees for that work. So Milestone argues if the Moons get some fees, then Milestone should also get some fees. Milestone is wrong on the law.

Cal. Civil Code §1717 provides that when a contract so provides, the court may award attorneys' fees to the party that prevailed on the contract. California law provides that; (1) there can be only one prevailing party under §1717, and that is the party that prevails *overall* on the contract, (2) there is no separate "prevailing party" on an appeal, and (3) the party that

prevails *overall* in the action may recover all its fees on any appeals, including an appeal that it lost.

## LEGAL DISCUSSION

**1. California Civil Code §1717 provides that there can be only one prevailing party in an action on the contract.**

As outlined in the Moons' fee motion, under California Civil Code §1717, there can be only one prevailing party in an action on a contract.

> [I]n any given lawsuit there can only be one prevailing party on a single contract for the purposes of an entitlement to attorney fees.

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531.

There are no multi-party awards under §1717. *Id.* at 529.

> Under § 1717, there may only be one prevailing party entitled to attorney fees on a given contract in a given lawsuit.

*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 823.

**2. Under Cal. Civil Code §1717, there is no separate prevailing party on an appeal; the Corder and Harman cases do not apply.**

Under Cal. Civil Code §1717, there is only one prevailing party: there cannot be multiple prevailing parties. *Frog Creek Partners, supra*. There is no separate prevailing party on appeal.

Milestone seeks to rely on *Corder v. Gates* 104 F.3d 247 (9th Cir. 1996) and *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, but these cases are inapplicable, because they are not cases under

Civil Code §1717. Both cases involves the federal civil rights statute, 42 U.S.C. §1983, and its attorney fee provision at 42 U.S.C. §1988, which *has its own set of rules*. As the *Corder* case held at p. 249: "A party who successfully prevails on appeal is entitled to attorney's fees under Section 1988. *Larez v. City of Los Angeles,* 946 F.2d 630, 649 (9th Cir. 1991)." Section 1988 provides for a separate award of fees on appeal, but Cal. Civil Code §1717 does not.

The applicable law under Cal. Civil Code §1717 is stated in *Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, which directly holds that there is no separate prevailing party on an appeal. The *Wood* court summarized the case as follows:

> Defendant prevailed in the underlying lawsuit when plaintiff dismissed with prejudice. Defendant moved for attorney fees pursuant to a fee provision in the contract between the parties. The trial court denied the motion and defendant appealed. We affirmed [the denial of attorneys' fees]. Plaintiff now seeks attorney fees *because he prevailed on defendant's appeal of the denial of its motion for fees*. We agree with the trial court that plaintiff is not entitled to fees. *Defendant is the prevailing party in the lawsuit considered as a whole.*

*Wood, supra*, at page 804

The *Wood* court held that the plaintiff's success in defeating the fee appeal did not determine who won the lawsuit. The appeal was just another step in the continuation of the lawsuit, and the defendant was the prevailing party *on the contract lawsuit overall*, even though it lost its

3

appeal seeking fees.

> Here, as in *Presley* and *Mustachio*, Wood's success on Santa Monica's appeal of the denial of attorney fees "[did] not decide who wins the lawsuit ... [citations]." Instead, Santa Monica was the prevailing party because Wood dismissed his lawsuit against Santa Monica with prejudice. ...
>
> Moreover, *Presley* and *Mustachio* make it clear that *section 1717 does not support an award to the prevailing party on appeal*, but only to the prevailing party in the lawsuit. (*Presley, supra*, 146 Cal.App.3d at p. 961; *Mustachio, supra*, 48 Cal.App.4th at pp. 1149–1150.)

*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, 807-808 (emphasis added).

An earlier case reached the same result. In *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, the plaintiff sued the defendant for real estate fraud, and the trial court awarded compensatory damages and damages for emotional distress. Marcus & Millichap challenged the award for emotional distress on appeal, won a reversal and reduced the judgment by $1,070,000. Marcus & Millichap then sought fees *as the prevailing party on appeal*. The Court of Appeal rejected this and held:

> Marcus & Millichap was not the prevailing party in the lawsuit because it suffered a net judgment against it of $834,900. ... Marcus & Millichap *was still only the prevailing party in its partial appeal, not the prevailing party in the laws*uit. (*Id.* at p. 1102.)

There is an extensive discussion of California law on this point in the unpublished case of *Shapira v. Lifetech Res., LLC* (Oct. 3, 2019, No.

4

B294622) ___Cal.App.5th___ [2019 Cal.App. Unpub. LEXIS 6712, at *8].) The case is not precedent, but the discussion is instructive.

**3. The Moons are the prevailing party**.

As pointed out in the Moons' May 13, fee motion, the Bankruptcy Court ruled in its Judgment entered May 25, 2022, that the Moons were the prevailing party in the action. (Judgment at Milestone's Excerpt of Record, 035). This Court affirmed that judgment in all respects. The appeals had no effect on the Judgment. The Bankruptcy Court also confirmed that the Moons were the prevailing party in its Judgment Awarding Attorneys' Fees entered July 13, 2022. Milestone did not appeal that Judgment, so it is not in the record. It is Docket Entry #127 in the Bankruptcy Court records of Adversary Proceeding No. 20-03117. So the Moons are the prevailing party.

Even if the Judgment were not controlling, the Moons are the prevailing party because they obtained the greater relief on the contract under §1717.

**a. The Moons Recovery**. The dispute in this case was whether Milestone could enforce its lending contract. The dispute began in April 2019 when the Moons attempted to refinance the September 2016 loan extension of $902,525, and Milestone demanded a payoff of $1,288,792.

In their complaint, the Moons alleged that this amount was far in excess of the amount legally owed. In their Motion for Partial Summary Judgment, the Moon alleged that the Milestone demand contained illegal usurious interest and an illegal acceleration penalty. The Bankruptcy Court ruled in favor of the Moons on both issues. The Court determined that the only amount owed by the Moons, at the July 31, 2019 maturity of the loan, was $718,493.88. (Judgment at Milestone's Excerpt of Record, 035, page 2 line 23).

During the bankruptcy proceedings, Milestone continued to increase its claim, based on its claim that the Moons owed "default interest" at the rate of 20.05%. This interest amount started at $15,347 per month in December 2016, and increased over time to $15,767 by February 2019. Milestone continued to claim this 20.05% interest as the bankruptcy proceeding continued. In February 2021, Mr. William Stuart, the owner of Milestone submitted a declaration stating that in the two years since the April 2019 claim of $1,288,792, the amount owed by the Moons had increased by over $440,000: "The balance due to Milestone secured by the Property is reflected on Exhibit "1" attached hereto and is $1,732,699.92 as of February 5, 2021." (Stuart Decl. at docket #126 in the main bankruptcy case (No. 20-30711), page 2 para. 4.) Milestone continued to

6

claim this 20.05% interest (roughly $15,767 per month or $189,000 per year) through the bankruptcy litigation and through its appeals to the BAP and this Court. So by March of 2024, when Milestone was hoping to get the usury ruling reversed, Milestone was hoping to win roughly $2.3 million dollars. As shown above, the amount that the Court determined was due on the contract was only $718,493.88. By obtaining a final determination that Milestone's contract violated the usury laws, the Moons obtained a recovery worth about $1,585,000.

   **b. The Milestone recovery**. The May 25, 2022 Judgment awarded Milestone "post-maturity" interest under *Epstein v. Frank* (1981) 125 Cal.App.3d 111. The interest rate was 7%, which amounted to $140.82 per day, from the July 31, 2019 maturity date of the loan. The Moons were not able to refinance the Milestone loan until April 28, 2023, when the Moons closed its loan with Kind Lending, and paid Milestone off. The number of days from July 31, 2019 to April 28, 2023. This amounts to 1,367 days, so the total interest was about $192,500. But not all of this should be counted.

   Under *Epstein v. Frank*, the award of post-maturity interest runs from the maturity date up to *the date of the Judgment*. All of the many cases that have followed *Epstein* repeated this rule, the interest runs only up to

the date of the judgment. See *Soleimany v. Narimanzadeh* (2022) 78 Cal.App.5th 915, 918. Milestone objected to this and requested that the interest run past the judgment and up to the date the loan was paid off. The Bankruptcy Court accepted Milestone's request. In the May 26, 2022 Judgment however, the Bankruptcy Court imposed a payoff deadline of June 24, 2022 (ER 037), so the additional time was not significant. But Milestone later delayed the loan payoff to April 28, 2023. Therefore, the amount of interest that Milestone earned under *Epstein* should *end* at the date of the Judgment, May 25, 2022. The interest on the 342 days from May 25, 2022 to April 28, 2023, totaling $48,160 ($140.82 times 342) should not be included in the Milestone recovery. Milestone's recovery on the contract should be reduced to About $145,000, less than 1/10 of the recovery of the Moons.

**4. The Moons are entitled to recover all their fees on appeal.**

As stated at pg. 2 of the Moons' fee motion, under §1717, the prevailing party on the contract is entitled to all the fees that party incurs in the action, *including fees on parts of the action in which it did not prevail*.

> [The] party who ultimately prevails on a contract action is entitled to all of its fees, *including fees incurred during the lawsuit in proceedings where it did not prevail.*

*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 546, *followed* in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 977.

A party that ultimately prevailed on the contract was entitled to recover attorneys' fees for working on an appeal that the party did not win. *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1150–1151. Mustachio was followed in Frog Creek, supra, at 546, and also followed in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977.

Thus, the Moons, as the prevailing party on the contract, are entitled to recover all their attorneys' fees on the case including the fees incurred on the appeal of the "post-maturity interest" issue.

**5. Milestone misstates the law in the Mustachio case.**

In *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, the plaintiff prevailed in the trial court and won punitive damages. The defendant appealed the punitive damage award, and the punitive damage award was reversed. After losing the appeal, the plaintiff nevertheless sought attorneys fess under Civil Code §1717 for the work on the appeal that she lost. The Court held that the plaintiff was entitled to those fees, because she was the prevailing party *overall*. This holding was followed in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 at 977.

Milestone claims, incorrectly, that the *Mustachio* court reduced the plaintiff's fees because she lost the appeal. That is not true. As stated at 48 Cal. App. 4th 1151, the plaintiff sought about $90,000 in attorneys' fees;

9

$55,000 for the work on the appeal and another $35,000 for other work. The trial court awarded $65,000, but did not explain the basis for the award. The Court of Appeal said, in *dicta*, that the trial court "may have" reduced the award due to the plaintiff's lack of success on the appeal. That is one possibility, but given that the trial court had just ruled, over the defendants objection, that the plaintiff was entitled to recover her attorneys' fees on the unsuccessful appeal, it is more likely that the trial court awarded the full $55,000 on the appeal and reduced the claim for the other $35,000 to just $10,000. The actual reasoning remains unknown. There is nothing in the *Mustachio* case that suggest a court should first award fees to the prevailing party for the work on the appeal she lost, and then *reduce* those fees because she lost the appeal.

Date: May 21, 2024 /s/ John McDonnell
John P. McDonnell, Esq.
Attorney for Appellees